**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DANNY JOE BOOMERSHINE,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 04-CV-0170-CVE-PJC |
| | ) |
| **STATE OF OKLAHOMA,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is a state inmate appearing *pro se*. Respondent has filed a response to the petition (Dkt. # 7). Respondent has also provided a partial trial transcript (Dkt. # 9) and copies of direct appeal and post-conviction documents (Dkt. # 8) for the Court's use in evaluating Petitioner's claims. Petitioner has filed a reply (Dkt. # 10) to Respondent's response. Also pending before the Court are the following motions filed by Petitioner: motion to expedite cause (Dkt. # 18), request for leave to amend petition for writ of habeas corpus (Dkt. # 19), and request for hearing and/or adjudication (Dkt. # 20). Petitioner provided his proposed amended petition along with his motion to amend. For the reasons discussed below, the Court finds the petition shall be denied. In addition, Petitioner's motion to amend his habeas corpus petition shall be denied. Petitioner's remaining motions shall be declared moot.

### *BACKGROUND*

Petitioner was convicted by a jury in Creek County District Court, Case No. CF-2000-449, of Forcible Sodomy (Count 1) and Rape by Instrumentation (Count 2). The jury recommended that Petitioner be sentenced to 300 years imprisonment and fined $20,000.00 on each count. On June 27, 2001, the trial court judge sentenced Petitioner in accordance with the jury's recommendation,

ordering that the sentences were to be served consecutively. Petitioner was represented at trial by attorney Steven Holden.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, Petitioner was represented by attorney Billy J. Baze. He raised five (5) propositions of error as follows:

Proposition 1:  Mr. Boomershine was denied a fair trial in violation of due process of law because the State repeatedly attacked him for exercising his right to remain silent.

Proposition 2:  The simultaneous convictions for Count 1, Forcible Sodomy, and Count 2, Rape by Instrumentation, violated the statutory prohibition against double punishment and double jeopardy.

Proposition 3:  Prosecutorial misconduct denied Mr. Boomershine a fair trial.

Proposition 4:  Mr. Boomershine's sentence is excessive and should be modified.

Proposition 5:  The cumulative effect of all these errors deprived Appellant of a fair trial.

(Dkt. # 8, Ex. 5). In an unpublished summary opinion, filed January 23, 2003, in Case No. F-2002-101, the OCCA affirmed Petitioner's convictions but found that his aggregate consecutive sentence of 600 hundred years was excessive and, therefore, modified the sentences to run concurrently. See Dkt. # 8, Ex. 2. Nothing in the record suggests Petitioner filed a petition for writ of *certiorari* in the United States Supreme Court.

On August 21, 2003, Petitioner filed an application for post-conviction relief in the state district court. See Dkt. # 8, Ex. 3. He identified four (4) grounds of error, as follows:

Ground 1:  That Boomershine is deprived of his liberty without due process of laws because "state officials' interference" with his counsels' ability to participate fully and fairly in fact-finding process and ability to invoke procedural and substantive constitutional safeguards deprived him of a fair jury trial determination of his guilt or innocence in violation of his Fifth, Sixth, and Fourteenth Amendment constitutional rights.

2

Ground 2:    Boomershine is deprived of his liberty without due process of law because the evidence presented in support of his count one (1) forcibly (sic) sodimy (sic) conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find that Boomershine was guilty beyond a reasonable doubt in violation of his Fourteenth Amendment substantive constitutional rights.

Ground 3:    Boomershine was deprived of his liberty without due process of law in violation of his Fifth, Sixth, and Fourteenth Amendment constitutional rights because 21 O.S. sec. 11; 22 O.S. sec. 404, and the Double Jeopardy Clause prohibited the State from simultaneously prosecuting him for Count two (2) allegation of Rape by Instrumentation based upon the same act for which he is prosecuted under forcible sodimy (sic) allegation contained in Count one (1) of felony information CF-2000-449.

Ground 4:    That the State deprived Boomershine of his liberty without due process of law(s) because the State's denigration of Boomershine's right to the effective assistance of counsel for his defense pervaded the entire trial and direct appeal proceeding in violation of Boomershine's Fifth, Sixth, and Fourteenth Amendment constitutional rights.

(Dkt. # 8, Ex. 3). The state district court denied post-conviction relief, finding that Petitioner's claims should have been raised on direct appeal. See Dkt. # 8, attachment to Ex. 4. Petitioner appealed. On post-conviction appeal, Petitioner modified his claim in ground 4 to argue for the first time that his appellate counsel provided ineffective assistance of counsel by failing to raise grounds 1, 2, and 3 on direct appeal. Compare Dkt. # 8, Ex. 3 to Dkt. # 8, Ex. 4. By Order filed January 8, 2004, in Case No. PC-2003-1164, the OCCA affirmed the denial of post-conviction relief. See Dkt. # 8, Ex. 1.

Petitioner, appearing *pro se*, filed the instant habeas corpus action on March 5, 2004 (Dkt. # 1). In his petition, Petitioner raises five (5) grounds of error, as follows:

Ground 1:    That Boomershine is deprived of his liberty without due process of laws because "state officials' interference" with his counsels' ability to participate fully & fairly in fact-finding process and ability to invoke procedural and substantive constitutional safeguards deprived him of a fair jury trial

                determination of his guilt or innocence in violation of his Fifth, Sixth, and Fourteenth Amendment constitutional rights.

Ground 2:    Boomershine is deprived of his liberty without due process of law because the evidence presented in support of his Count One (1) forcibly (sic) sodimy (sic) conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find that Boomershine was guilty beyond a reasonable doubt in violation of his Fourteenth Amendment substantive constitutional rights.

Ground 3:    Boomershine was deprived of his liberty without due process of law in violation of his Fifth, Sixth, and Fourteenth Amendment constitutional rights because 21 O.S. sec. 11; 22 O.S. sec. 404, and the Double Jeopardy Clause prohibited the State from simultaneously prosecuting him for Count Two (2) allegation of Rape by Instrumentation based upon the same act for which he is prosecuted under Forcible Sodimy (sic) allegation contained in Count One (1) of felony information CF-2000-449.

Ground 4:    That Boomershine's first direct appeal of right in CF-2000-449 was not adjudicated in accord with due process of law because his appeal counsel's constitutionally deficient performance caused the omission of Boomershine's entirely valid constitutional claims on direct appeal through no fault of his own in violation of his Fifth, Sixth, and Fourteenth Amendment constitutional rights.

Ground 5:    That a fundamental miscarriage of justice in violation of Boomershine's Eighth and Fourteenth Amendment constitutional rights will occur if the Court fails to adjudicate the merits of his claims because there is an absence of state corrective process or circumstances existing in Oklahoma that render such state process ineffective to protect Boomershine's federal rights to fair adjudication on the merits of his <u>Murray v. Carrier</u> "independent" actual innocence based ineffectiveness of counsel dominated 5th, 6th, and 14th Amendment claims.

(Dkt. # 1). In response to the petition, Respondent contends that grounds 1, 2, and 4 are procedurally barred, that ground 3 lacks merit, and that ground 5 either fails to state a constitutionally cognizable claim or is procedurally barred.

*ANALYSIS*

**A. Motion to amend petition shall be denied**

As a preliminary matter, the Court shall address Petitioner's "motion to amend habeas action" (Dkt. # 19), filed in this matter on November 30, 2006. Petitioner sent his proposed amended petition along with his motion. After reviewing the claims asserted in the proposed amended petition, the Court finds Petitioner seeks leave to amend his petition by adding three (3) new grounds of error as follows: ground 6, that Petitioner was denied a fundamentally fair trial in violation of due process of law because the State repeatedly attacked him for exercising his right to remain silent; ground 7, that prosecutorial misconduct denied Petitioner a fundamentally fair trial under the 6th and 14th Amendments; and ground 8, that the cumulative effect of all of these constitutional errors deprived Petitioner of a fundamentally fair trial.

Consideration of Petitioner's motion to amend petition is governed by Fed. R. Civ. P. 15(c) (providing conditions determining whether an amended pleading relates back to the date of the original pleading). See United States v. Espinoza-Saenz, 235 F.3d 501 (10th Cir. 2000). The Court finds that grounds 6, 7, and 8 asserted in the proposed amended petition are entirely new claims and do not relate back to the original petition. See Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001) (citing Espinoza-Saenz, 235 F.3d at 505, for proposition that "an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may, in the District Court's discretion, relate back to the date of the original motion *if and only if* the original motion was timely filed and *the proposed amendment does not seek to add a new claim or to insert a new theory into the case*"); see also United States v. Duffus, 174 F.3d 333 (3d Cir. 1999).

Petitioner fails to recognize the ramifications of the one-year statute of limitations imposed on habeas corpus claims. See 28 U.S.C. § 2244(d) (as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA")). Pursuant to 28 U.S.C. § 2244(d)(1)(A), a habeas corpus petition must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In this case, Petitioner timely filed his original petition.[1] However, his "motion to amend habeas action" was not filed until more than 2 ½ years after filing the original petition, or well after expiration of the one-year limitations period. Since Petitioner's new claims do not relate back to the date of the original petition, the Court finds that, unless Petitioner is entitled to tolling of the limitations period, to allow the filing of the proposed amended petition adding new claims would frustrate the intent of Congress in enacting the statute of limitations provisions of the AEDPA.

The Court finds no statutory or equitable basis for tolling the limitations period in this case. First, the pendency of the instant federal case does not serve to toll federal limitations period under 28 U.S.C. § 2244(d)(2). Duncan v. Walker, 533 U.S. 167 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2)). Second, although the statute of limitations contained in § 2244(d) may be subject to equitable tolling where extraordinary circumstances beyond the prisoner's control

---

[1] The OCCA affirmed Petitioner's convictions on January 23, 2003. Therefore, his convictions became final on April 23, 2003, after the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). Petitioner had one year, or until April 23, 2004, to file his federal habeas corpus petition. Petitioner's one-year limitations period was tolled during the pendency of his application for post-conviction relief, from August 21, 2003, when he filed his application, until January 8, 2004, when the OCCA affirmed the denial of post-conviction relief, or for a total of 140 days. His limitations deadline was extended 140 days beyond April 23, 2004, or to September 10, 2004. While Petitioner filed his original petition on March 5, 2004, or well in advance of the deadline, he did not file his motion to amend until November 30, 2006, or more than two years after expiration of the limitations period.

6

prevent a petitioner from timely filing his petition, see Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998), Petitioner is not entitled to equitable tolling in this case. Equitable tolling may be appropriate where a prisoner is actually innocent. Id. However, to be entitled to equitable tolling, a habeas petitioner asserting actual innocence must also demonstrate that he has pursued his federal claims diligently. Id. In his motion to amend petition, Petitioner states that he "does make a 'colorable showing' of actual innocence in his initial habeas petition which further supports an amendment to add these 3-4 constitutional claims to his initial habeas petition." See Dkt. # 19 at 2. Petitioner never explains the basis for his claim and fails to cite any new[2] evidence supporting a claim of actual innocence. Furthermore, Petitioner did not exercise diligence in pursuing the new claims identified in the proposed amended petition. The three new claims identified in the proposed amended petition were all raised on direct appeal. Thus, Petitioner was aware of the claims at the time he filed his original petition. Petitioner, however, claims he was "conned" into omitting the claims from his habeas petition by "another inmate who claimed to be a trained law clerk and who explained to Petitioner that each of the issues raised in his state direct appeal had no merit and did not warrant relief." See Dkt. # 19. Ignorance of the law does not provide a basis for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'") (citations omitted). As a result, the Court finds Petitioner is not entitled to equitable tolling of the limitations

---

[2] Petitioner attaches a copy of a "Driver's Daily Log" to his petition. See Dkt. # 1, Ex. A. To the extent Petitioner offers the log as evidence of his actual innocence, the Court finds it is not "new evidence" because it was in fact presented to the jury during Petitioner's trial. See Dkt. # 1 at 18.

period. See Miller, 141 F.3d at 978. Therefore, the "request for leave to amend habeas petition" shall be denied. The Court will consider only those claims asserted in the original petition.

**B. Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent states that Petitioner has not exhausted each of his claims. See Dtk. # 7 at 2. However, Respondent asserts any unexhausted claim is procedurally barred. As discussed in more detail below, the Court agrees with Respondent and finds that because it would be futile to require Petitioner to return to state court to exhaust his claims, consideration of this petition is not precluded by the exhaustion requirement of 28 U.S.C. § 2254(b). In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**C. Claim adjudicated by the OCCA (ground 3)**

The AEDPA amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). In this case, the OCCA adjudicated Petitioner's ground 3, as identified in the original petition, on direct appeal. Therefore, that claim shall be reviewed pursuant to § 2254(d).

As his third ground of error, Petitioner argues that his simultaneous prosecution for both Count One, Forcible Sodomy, and Count 2, Rape by Instrumentation, violated the prohibition against double punishment contained in the Oklahoma statutes and the double jeopardy clause of the United States Constitution. The OCCA rejected this claim, stating as follows:

> Appellant's convictions for both Forcible Sodomy and Rape by Instrumentation violate neither the statutory provision against double punishment nor double jeopardy. 21 O.S.2001, § 11; *Hale v. State*, 1995 OK CR 7, ¶ 3, 888 P.2d 1027, 1028; *Mooney v. State*, 1999 OK CR 34, ¶¶ 14, 17, 990 P.2d 875, 883-884; *United States v. Dixon*, 509 U.S. 688, 704, 113 S.Ct. 2849, 2860, 125 L.Ed.2d 556 (1993).

(Dkt. # 8, Ex. 2).

First, Petitioner's claim that he has suffered double punishments in violation of Oklahoma statutes shall be denied because it is not cognizable on federal habeas corpus review. A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id.; 28 U.S.C. §§ 2241. Petitioner's double punishment claim, insofar as it is based on Oklahoma statutes, is not cognizable in this federal habeas corpus proceeding and shall be denied on that basis.

Nor is Petitioner entitled to relief under § 2254(d) on his double jeopardy claim. The Double Jeopardy Clause protects against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969), *overruled on other grounds by* Alabama v. Smith, 490 U.S. 794 (1989). This protection is limited to ensuring "that the sentencing discretion of courts is confined to the limits established by the legislature," for it is the legislature that is vested with "the

substantive power to prescribe crimes and determine punishments." Ohio v. Johnson, 467 U.S. 493, 499 (1984). Thus, when a course of criminal conduct violates two statutory provisions, the test to determine whether the punishments are "multiple," in violation of the Double Jeopardy Clause, is "essentially one of legislative intent." Id.; see also Missouri v. Hunter, 459 U.S. 359, 365 (1983). In the absence of clear legislative intent, courts must apply the Blockburger test, which states that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932); see also United States v. Dixon, 509 U.S. 688, 696 (1993).

In this case, although both of Petitioner's convictions resulted from one series of acts committed by Petitioner against the victim on July 25, 2000, they are not violative of the Double Jeopardy Clause. As relevant to the facts of this case, forcible sodomy is defined under Oklahoma law as being penetration of the vagina of the victim by the mouth of the defendant by (threats of) force/violence by a person over the age of eighteen on a child under the age of sixteen. See OUJI-CR 2d 4-128; Okla. Stat. tit. 21, §§ 886, 888 (2000). Rape by instrumentation occurs when "any inanimate object or any part of the human body, not amounting to sexual intercourse is used in the carnal knowledge of another person without his or her consent and penetration of the anus or vagina occurs to that person." Okla. Stat. tit. 21, § 1111.1. Thus, the crime of forcible sodomy requires proof of penetration of the victim's vagina by the perpetrator's mouth. In contrast, the crime of rape by instrumentation requires proof of penetration of the victim's vagina by an inanimate object or body part other than the penis. In this case, the State supported the charge of Forcible Sodomy by presenting the 15 year-old victim's testimony that Defendant "stuck his mouth down there" and that

Defendant put his tongue in her vagina. See Dkt. # 9, Tr. Trans. at 212-13, 225. The State supported the charge of Rape by Instrumentation by presenting the victim's testimony that Defendant penetrated her vagina with his finger. See id. at 213-14.

Under Oklahoma law, the crimes of forcible sodomy and rape by instrumentation require proof of distinct facts and elements, even though some of the facts supporting each crime may overlap. See Brown v. Ohio, 432 U.S. 161, 166 (1977) (holding that "[i]f each requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes"). Therefore, the crimes of forcible sodomy and rape by instrumentation are separate and distinct offenses, and Petitioner's conviction on each crime does not violate double jeopardy. The OCCA's rejection of this claim was not an unreasonable application of federal law as determined by the Supreme Court. Therefore, Petitioner is not entitled to relief under 28 U.S.C. § 2254(d) on this claim.

**D. Procedural Bar (grounds 1, 2, and 4)**

Petitioner alleges in his first ground for relief that he was deprived of due process of law when State officials interfered with his attorney's ability to participate in the fact-finding process. Specifically, Petitioner complains in ground 1 that: (1) he was prejudiced by the introduction into evidence of a protective order, (2) he was not represented by an attorney during proceedings on the protective order, (3) parts of Petitioner's statement to the police were erroneously admitted into evidence, (4) the State presented knowingly perjured testimony, and (5) Petitioner was denied the right to cross-examine certain witnesses for the State. See Dkt. # 1. As his second ground for relief, Petitioner asserts that the evidence presented at trial was insufficient to support his conviction in Count One, Forcible Sodomy. Id. As his fourth ground for relief, Petitioner alleges that his

appellate counsel provided ineffective assistance in failing to raise grounds 1 and 2 on direct appeal. The record confirms that the issues raised in Petitioner's first and second grounds were not presented to the OCCA on direct appeal. Both claims were raised for the first time in Petitioner's application for post-conviction relief. Although Petitioner raised a claim of ineffective assistance of appellate counsel in his application for post-conviction relief, he did not specifically allege in that application that appellate counsel provided ineffective assistance in failing to raise grounds 1 and 2 on direct appeal. See Dkt. # 8, Ex. 3, "Brief in Support" at 44-48. The ineffective assistance of appellate counsel claim presented in this federal habeas corpus petition was not presented to the state district court, but was first raised in Petitioner's post-conviction appeal. See Dkt. # 8, Ex. 4, "Brief in Support" at 27.

In denying relief on procedural grounds, the state district court found that Petitioner "either did or could have raised all issues mentioned in his latest filing on appeal and they cannot be used now to attack his conviction." See Dkt. # 8, attachment to Ex. 4. The OCCA affirmed the denial of post-conviction relief on procedural grounds. See Dkt. # 8, Ex. 1. The OCCA noted that in his appellate brief, Petitioner "simply repeats verbatim those identical arguments that he made before the District Court within Grounds One, Two, and Three of his post-conviction application. These arguments offer nothing that would prove it was error for the District Court to conclude that Petitioner's post-conviction claims either were, or could have been, raised on direct appeal." See Dkt. # 8, Ex. 1. As to Petitioner's claim of ineffective assistance of appellate counsel for failure to raise the post-conviction claims on direct appeal, the OCCA cited Rule 5.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, and Brown v. State, 933 P.2d 316, 325 (Okla. Crim. App. 1997), and imposed a procedural bar on the claim. Id. The OCCA specifically held that:

12

> Petitioner, however, for the purposes of his appellate brief, has decided to modify those arguments he made in Ground Four of his post-conviction application. For the first time on appeal, Petitioner now asserts that his appellate counsel provided him ineffective assistance by not raising those claims made within his post-conviction application. It is axiomatic that before this Court will consider an issue on appeal, the matter must first have been presented to the District Court for resolution. Because this claim against Petitioner's appellate counsel was not properly raised or asserted before the District Court, we will not consider it for the first time on appeal.

Id. In response to the petition, Respondent asserts that this Court should uphold the procedural bar imposed by the OCCA as to Petitioner's first, second and fourth grounds of error.

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir.1991)).

Applying the principles of procedural bar to this case, the Court concludes that Petitioner's first, second, and fourth grounds for relief, challenging certain actions by State officials, the sufficiency of the evidence supporting the forcible sodomy conviction, and the effectiveness of Petitioner's appellate counsel, are procedurally barred. The OCCA's procedural bars, based on Petitioner's failure to raise grounds one and two on direct appeal, and his failure to present ground

four to the state district court in his application for post-conviction relief, are "independent" state grounds because state law provided "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. Additionally, the procedural bars imposed on all three (3) claims were based on "adequate" state grounds sufficient to bar the claims on federal habeas corpus review. The OCCA routinely bars claims that could have been but were not raised on appeal, as well as claims that were not first presented to the state district court before being raised on appeal.

Because of Petitioner's procedural default, this Court may not consider the claims unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claim is not considered. See Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Petitioner attributes his failure to raise grounds 1 and 2 on direct appeal to ineffective assistance of appellate counsel. See Dkt. # 1. It is well established that in certain circumstances, counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default. Carrier, 477 U.S. at 488-89. However, the assistance provided by appellate counsel must rise to the level of a constitutional violation. Id. Furthermore, the ineffective assistance of appellate

counsel claim asserted as "cause" must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. Id. at 489. An ineffective assistance of counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted, and, unless the state prisoner can satisfy the "cause and prejudice" standard for the procedurally defaulted ineffective assistance of counsel claim, that claim cannot serve as cause for another procedurally defaulted claim. Edwards v. Carpenter, 529 U.S. 446, 452-53. In this case, the claims identified by Petitioner in his application for post-conviction relief as presented to the state district court did not include a claim that appellate counsel provided ineffective assistance in failing to raise the challenges to the conduct of State officials and to the sufficiency of the evidence on direct appeal. See Dkt. # 8, Ex. 3. Petitioner first raised the ineffective assistance of appellate counsel claim on post-conviction appeal, see Dkt. # 8, Ex. 4, where the OCCA declined to consider the claim due to Petitioner's procedural default, see Dkt. # 8, Ex. 1. Therefore, Petitioner's claim that appellate counsel provided ineffective assistance in failing to raise grounds 1 and 2 was procedurally defaulted and may not serve as "cause" to overcome the procedural bar, unless Petitioner demonstrates "cause and prejudice" for the default. See Edwards, 529 U.S. at 452-53. Petitioner does not offer an explanation for failing to assert that appellate counsel provided ineffective assistance in failing to grounds 1 and 2 in his application for post-conviction relief and has not demonstrated cause and prejudice for the procedural default of his ineffective assistance of appellate counsel claim.

To the extent Petitioner argues in ground 5 of his petition that post-conviction procedures available in Oklahoma are inadequate or ineffective to protect his rights and, as a result, constitute "cause" to overcome the procedural bar, the Court finds the argument lacks merit. As stated above,

15

to demonstrate "cause" a petitioner must "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Petitioner's complaint that the procedural rules themselves are inadequate does not satisfy the standard as defined by the Supreme Court. As a result, the Court concludes Petitioner has failed to demonstrate cause sufficient to excuse the procedural default of his claim of ineffective assistance of appellate counsel, as well as grounds 1 and 2 as asserted herein.

Petitioner's only other means of gaining federal habeas review of his defaulted claims is a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-04 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. As discussed in Part A above, Petitioner asserts that he is actually innocent of the crimes for which he was found guilty. However, he has presented no new evidence in support of this assertion. Therefore, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claims are not considered, the Court concludes

that it is procedurally barred from considering the merits of Petitioner's first, second, and fourth grounds of error. Coleman v. Thompson, 510 U.S. 722, 724 (1991). Habeas corpus relief on those grounds shall be denied.

**E.   Challenge to Oklahoma's post-conviction procedures is not cognizable on habeas corpus (ground 5)**

As his fifth ground of error, Petitioner alleges that a fundamental miscarriage of justice will occur if the Court fails to adjudicate the merits of his claims because there is an absence of state corrective process or circumstances existing in Oklahoma that render such state process ineffective to protect his rights. Petitioner appears to be complaining that in Oklahoma, a prisoner is, in effect, precluded from receiving appellate review of any claim not raised on direct appeal. To the extent this ground represents Petitioner's attempt to overcome the procedural bar applicable to grounds 1, 2, and 4, the Court has discussed the claim in Part D above. To the extent Petitioner is challenging the post-conviction procedures provided in Oklahoma, the Court finds his claim is not cognizable on federal habeas corpus review. The Tenth Circuit Court of Appeals has consistently ruled that challenges to state post-conviction procedures do not rise to the level of federal constitutional claims cognizable on habeas corpus review. See Phillips v. Ferguson, 182 F.3d 769, 773-74 (10th Cir. 1999); Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998) (when petitioner asserts no constitutional trial error, but only error in the state post-conviction procedure, no relief can be granted in federal habeas corpus); Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993); Hopkinson v. Shillinger, 866 F.2d 1185, 1219-20 (10th Cir. 1989) (stating that "[e]ven if the state postconviction petition was dismissed arbitrarily, the petitioner can present anew to the federal courts any claim of violation of his federal constitutional rights"), *overruling on other grounds recognized in* Davis v. Maynard, 911 F.2d 415, 417 (10th Cir. 1990). As a result, Petitioner's

ground 5, to the extent it represents a challenge to the interpretation and application of Oklahoma's post-conviction procedures by the OCCA, is not cognizable in this federal habeas corpus and shall be denied on that basis.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's "motion to amend habeas action" (Dkt. # 19) is **denied**.

2. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

3. Any pending motion is **declared moot**.

4. A separate Judgment shall be entered in this case.

5. The Clerk shall send a copy of this Opinion and Order to the Tenth Circuit Court of Appeals as it relates to Tenth Circuit Case No. 07-5065.

**DATED** this 26th day of April, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT